IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSHUA DAVID MICHAEL, ) | Case No. 09-11623 |
| ) | |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER coming on for hearing on March 11, 2010, upon the Objection to Debtor's Claim of Property Exemptions (the "Objection"), filed by Everett B. Saslow, Jr., the duly-appointed Chapter 7 trustee in this case (the "Trustee"), on October 27, 2009.  At the hearing, Stephen D. Ling appeared on behalf of the above-referenced debtor (the "Debtor") and Everett B. Saslow, Jr. appeared in his capacity as Trustee.

Pursuant to Section 522(a)(2) of the Bankruptcy Code, the value of a debtor's assets is measured as of the date of the filing of the petition.  Any post-petition appreciation in those assets does not affect the amount of property that a debtor may exempt.  In re Lestosky, 287 B.R. 295, 296 (Bankr. M.D. Ga. 2002).  A debtor may exempt an entire asset when its value on the petition date is less than the amount of the claimed exemption.  Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 902-03 (7th Cir. 2000).

In this case, the Debtor filed his petition on August 28, 2008.  On schedule B, he valued his interest in each of his closely held businesses[1] at $0.  On Form 91C, the Debtor used his N.C.

---

[1] The Debtor owns a 100% interest in Crossroad Sports, Inc., a 50% interest in JRay, LLC, a 100% interest in Kinetix Skatepark, Inc., a 20% interest in Patriot Biodiesel, LLC, and a 100% interest in Boardparadise, Inc.

Gen. Stat. § 1C-1601(a)(2) exemption to collectively exempt his interest in all of his businesses (the "Businesses Interests")[2] in the amount of $0.[3] If, on the petition date, the value of the Business Interests, taken together, is less than $0, then the Business Interests are fully exempt.[4] However, if the value of the Business Interests, collectively or even one of them, is more than $0, then the Trustee may sell the Business Interests, or any of them, for the benefit of the estate. If he does so, then the Debtor would be entitled to $0, which is the amount of his claimed exemption.[5]

Upon consideration of the evidence presented at the hearing and the arguments of counsel, the Court finds that the Business Interests were worth more than $0 on the petition date. Therefore, the Trustee's Objection is sustained.

---

[2] Since the Debtor grouped all of his Business Interests on one line on Form 91C and claimed them in one exemption, the Court will treat them jointly as one exemption.

[3] The Debtor used his N.C. Gen. Stat. § 1C-1601(a)(2) exemption (known as the "wildcard" exemption), to exempt other assets in the amount of $5,000.00. Although the wildcard exemption is limited to $5,000.00, the Debtor claimed an exemption of $0 in the Business Interests, so he did not exceed the statutory maximum.

[4] If a debtor exempts an asset in full, then he is entitled to the benefit of any post-petition appreciation in the asset. See Mullis v. AgGeorgia Farm Credit, ACA (In re Jones), 357 B.R. 888, 897 (Bankr. M.D. Ga. 2005).

[5] If a debtor does not exempt an asset in full, the estate is entitled to the benefit of any post-petition appreciation in the asset. See In re Chappell, 373 B.R. 73, 83 (B.A.P. 9th Cir. 2007).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOSHUA DAVID MICHAEL, | ) Case No. 09-11623 |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |

PARTIES IN INTEREST

Joshua Michael

Stephen D. Ling, Esq.

Everett B. Saslow, Jr., Trustee